M&M/MARS SNACKMASTER, DIVISION OF MARS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 81-10-01375 and 82-4-00468

(Dated February 10, 1983)

BOE, *Judge:* In the above-entitled action defendant moves this court under Rule 13(e) of the rules of this court and 28 U.S.C. § 1583 for an order granting defendant leave to amend its answer by asserting a

counterclaim against plaintiff. Defendant seeks thereby to include in the profit computation of Cost of Production an amount equal to the grant received by plaintiff from the European Economic Community (EEC) in connection with the manufacture of the subject merchandise. Plaintiff opposes defendant's motion on the basis that other avenues of relief exist for the assertion of the counterclaim and that the interposition of defendant's counterclaim at this late date, after motions for summary judgment have been filed by both parties, would unduly prejudice the prosecution of plaintiff's case.

The court recognizes that defendant has been dilatory in the assertion of its counterclaim. Plaintiff's motion for summary judgment, which defendant claims alerted it to the possibility that subject merchandise had been undervalued by Customs because the EEC grant had not been included as profit, was filed on August 25, 1982. Defendant filed its response to plaintiff's motion in November 1982, and did not file leave to amend its pleading until January 19, 1983.

Despite such untimeliness, however, the interests of justice require that defendant be granted leave to amend its answer to assert a counterclaim. Plaintiff will suffer no real prejudice to its case. The proof required of the defendant in the support of its claim will be clearly related to plaintiff's main contention under 402a(f)(1) of the Tariff Act of 1930, that the EEC restitution payments should be deducted from the cost of materials in the manufacture of the subject merchandise.

The claim which defendant now seeks to interpose by amendment to its answer clearly arises out of the transaction or occurrence that is the subject matter of plaintiff's claim. The proposed counterclaim is compulsory and cannot be independently asserted in a later action. *Moore* v. *New York Cotton Exchange,* 270 U.S. 593 (1926).

The granting of defendant's motion conforms with the purpose of 28 U.S.C. § 1583. If additional duties may be required with respect to the subject matter of an action being litigated, Congressional intent clearly evinces the propriety of seeking a determination of the amount of such additional duties by way of counterclaim. *See* H.R. Rep. 96–1235, 95th Cong., 2d Sess. (1980), at 35, 49.

Accordingly, it is hereby

ORDERED that defendant's motion be and is hereby granted, and it is further

ORDERED that defendant's First Amended Answer, attached to defendant's motion herein, shall be deemed filed as of the date of notice of entry of this Order, and it is further.

ORDERED that plaintiff shall have a period of twenty (20) days from and after the filing of the notice of entry of this Order to reply to defendant's First Amended Answer and the counterclaim contained therein.